SCHIFFMAN LAW OFFICE, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975
Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine Parks,<br>Plaintiff,<br>vs.<br>The Lincoln National Life Insurance Company; and Dignity Health Long Term Disability Benefit Plan,<br>Defendants. | No.<br>**COMPLAINT** |

For her claim against Defendants, Katherine Parks ("Kathie") alleges as follows:

**JURISDICTION AND VENUE**

1. Kathie is a resident of Maricopa County, Arizona.

2. Defendant The Lincoln National Life Insurance Company ("Lincoln") is an insurance company domiciled in Indiana with its corporate headquarters located in Hartford, Connecticut. Lincoln is authorized to do business in Maricopa County, Arizona.

3. Defendant Dignity Health Long Term Disability Benefit Plan ("Plan") is a purported ERISA benefit plan established and maintained by Dignity Health ("Dignity") for the benefit of its employees. The Plan provides long-term disability ("LTD") benefits.

4. This Court has jurisdiction over the Plan under ERISA 29 U.S.C. § 1132, and because the Plan and Dignity have caused events to occur in Arizona, out of which Kathie's claims arise.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

5. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 2201-02 (declaratory judgments).

6. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

7. Dignity provided certain employees with LTD benefits under the Plan.

8. Beginning on January 1, 2015, Lincoln provided LTD benefits to Dignity employees through an insurance policy, Policy No. GF3-860-004109-01 ("Policy")

9. Dignity is the plan administrator and a plan fiduciary. (29 U.S.C. § 1102(a)(2) (fiduciary); 29 USC §1002(A)(16) (administrator)).

10. Lincoln is the Claim Administrator and is also a Plan Fiduciary.

11. The Policy is the only document constituting the Plan's written instrument under 29 U.S.C. § 1102(a)(1).

12. Lincoln determines who receives benefits and pays those benefits.

13. An employee is disabled during the Own Occupation period when she, due to injury or sickness, is unable to perform with reasonable continuity the Substantial and Material Acts of her Own Occupation

14. "Own Occupation" means the occupation she performed when her disability began.

15. "Substantial and Material Acts" refers to the acts that are normally required for the performance of her own occupation and cannot be reasonably omitted or modified.

16. LTD benefits are payable after a waiting period of 180 days.

17. After 24 months of LTD payments, an employee is disabled when Lincoln determines she, due to sickness or injury, is unable to satisfactorily perform the Material and Substantial Duties of Any Occupation with reasonable continuity.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

18. "Any Occupation" means any occupation which an employee is or could reasonably become fitted by training, education, experience, age, and physical and mental capacity.

19. The Policy contains discretionary language indicating that Lincoln grants itself discretion.

20. The Policy does not evidence that the Plan Administrator possesses discretion or that it can delegate discretion.

21. Even if the Plan reserved discretion, there is no evidence that the Plan conferred discretion on Lincoln.

22. Without proper evidence of a discretion grant from the Plan to Lincoln, this claim should be reviewed *de novo*.

23. If the Court deems that abuse of discretion review is the standard of review, Lincoln's decision should be reviewed with heightened skepticism.

**COUNT I**

**RECOVERY OF INSURANCE AND PLAN BENEFITS**

24. Kathie incorporates and realleges all previous allegations.

25. At all relevant times, Kathie was employed by Dignity, became a covered individual under the Plan and the Policy, and remained continuously employed until her disability rendered her unable to work in her occupation as Registered Nurse on May 4, 2020.

26. Kathie timely submitted a claim for LTD benefits.

27. Kathie claimed disability for respiratory issues following COVID-19 infection, cardiac issues requiring pacemaker implantation, headaches, history of strokes, liver and gastrointestinal issues, pain in her lower back, hips, and wrists, and chronic pain associated with several of her conditions. Kathie requires portable oxygen.

28. Lincoln initially paid Kathie's claim for LTD benefits from October 31, 2020 to May 11, 2023.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

29. During this time, Lincoln concluded that Kathie could not perform her own occupation or any occupation.

30. Kathie remains unable to perform the material and substantial duties of her own occupation, or any occupation, including the following duties:

- Working a regular, 40-hour work week;
- Regularly work given chronic pain associated with various physical conditions; and
- Consistently perform work activities without exhuastion, and the constant use of oxygen that is requried upon exertion.

31. Kathie cannot perform the material and substantial duties of her own occupation, or any occupation for which she is or reasonably could become fitted by training, education, experience, age, and physical and mental capacity.

32. Lincoln consultant Dr. Keith Cunningham completed a medical examination on March 16, 2023. Dr. Cunningham determined that Kathie could work, despite missing critical portions of her medical records and making several mistakes.

33. On May 2, 2023, Lincoln terminated Kathie's LTD benefits after over two years.

34. On December 18, 2023, Kathie underwent a Functional Capacity Evaluation ("FCE"), which found that she was disabled and unable to work.

35. Kathie timely submitted her appeal on February 21, 2024.

36. On February 27, 2024, Kathie submitted additional evidence in support of her appeal.

37. On March 22, 2024, Lincoln notified Kathie that it needed an additional 45 days to render a decision on her claim.

38. Following Kathie's appeal, Lincoln hired consultants to conduct paper reviews of Kathie's records and determine whether she could work.

39. On March 22, 2024, a Lincoln consultant, Dr. Clayton T. Cowl, conducted a paper review. Dr. Cowl determined that Kathie could perform her occupational demands

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

from May 12, 2023 to the present. Dr. Cowl noted that Kathie was unable to work during the days she was hospitalized, including November 10, 2023, through December 25, 2023, January 18, 2024, through January 21, 2024, and January 31, 2024, through February 7, 2024.

40. On March 22, 2024, another Lincoln consultant, Dr. Andrew Chan, conducted a paper review. Dr. Chan determined that Kathie had a functional impairment that would prevent her from performing her occupational demands from January 31, 2024 through March 31, 2024. From April 1, 2024, to the present, Dr. Chan determined that Kathie no longer had a functional impairment and would be able to work.

41. On May 16, 2024, Kathie submitted responses to the conclusions of Lincoln's consultants, including additional evidence and medical records.

42. Lincoln provided an addendum from Dr. Cowl dated May 28, 2024. However, the letter was not mailed until May 30, 2024.

43. On July 17, 2024, Kathie submitted responses to Dr. Cowl's conclusions, including additional evidence and medical records.

44. On August 20, 2024, another Lincoln consultant, Dr. Kevin Kohan, conducted a paper review. Dr. Kohan determined that, despite some restrictions and limitations, Kathie could perform her occupation from May 12, 2023, to the present.

45. On August 27, 2024, Lincoln's vocational consultant, Megan Provost, determined that Kathie could perform the following occupations: Pre-Certification Nurse, Telephonic Triage Nurse, Telephonic Advice Nurse, and Utilization Review Nurse.

46. On August 27, 2024, Lincoln provided Kathie with the conclusions of Ms. Provost and Dr. Kohan.

47. On September 16, 2024, Kathie submitted a response to Lincoln, informing it that the conclusions of Ms. Provost and Dr. Kohan were not consistent with the evidence, and that a complaint would be filed because the conduct of Lincoln, and its consultants, was inconsistent with a full and fair review.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

48. On September 18, 2024, Lincoln provided addenda from Dr. Chan and Dr. Cowl. However, these addenda were dated July 26, 2024, making them nearly two months old.

49. On July 26, 2024, Dr. Chan and Dr. Cowl submitted addenda to Lincoln. However, Lincoln did not provide these reports until September 18, 2024.

50. On October 8, 2024, Kathie submitted a response to Lincoln, including video interviews, additional evidence, and medical records.

51. On October 15, 2024, Lincoln issued its final denial.

52. On March 26, 2024, Lincoln

53. Kathie provided proof of her debilitating medical conditions, to the extent that Lincoln paid LTD benefits from October 31, 2020 to May 11, 2023. Kathie provided Lincoln with extensive medical records, statements from her family and treating providers, and recorded interviews. Kathie became disabled on May 4, 2020, and remains unable to perform the material and substantial acts of her own occupation, or any occupation for which she is or could reasonably become fitted by training, education, experience, age, and physical and mental capacity.

54. Kathie has satisfied the jurisdictional prerequisites to filing a claim in federal court and has exhausted any available administrative remedies.

55. Lincoln's termination of Kathie's LTD benefits was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and clearly erroneous. Evidence of Lincoln's conflict includes, but is not limited to:

a) Concluding that Kathie was able to return to her occupation despite her ongoing symptoms associated with several conditions that are chronic and ultimately impossible for her to recover from. Kathie requires opioid medication to manage her chronic pain, and her breathing issues are so severe that her ability to walk, stand, talk, or exert herself is limited.

b) Relying on the opinions of non-treating providers who disregarded and downplayed Kathie's complaints.

c) Relying on the opinions of non-treating providers who have not examined Kathie.

d) Relying on the conclusions of a non-treating provider, who conducted an IME that omitted several important findings and observations, failed to review all of Kathie's medical records, and accused her of chronically misusing opioids for 20 years.

e) Misconstruing medical records and ignoring statements from treating providers, which evidenced Kathie's conditions are worsening.

f) Concluding Kathie was able to work a 40-hour work week, given her physical conditions, including associated pain and difficulty breathing, without considering whether she can perform any occupation reliably and consistently due to the chronic nature of her conditions.

g) Cherry-picking evidence that supports the denial rather than giving equal weight to evidence that supports payment of the claim.

56. Kathie is entitled to LTD benefits, 60% of her Basic Monthly Earnings, $5,908.83, from October 31, 2020 until she is 67.

57. Under the coverage provided in the Plans, to ERISA 29 U.S.C. § 1132(a)(1)(B), and applicable federal and state common law, Kathie is entitled to recover all benefits due under the terms of the Plan and to enforce her rights under the terms of the Plan.

58. Kathie is entitled to recover her attorneys' fees and costs incurred herein from the Plan and Dignity under 29 U.S.C. § 1132(g).

59. Kathie is entitled to prejudgment interest at the highest legal rate on the benefits she is entitled to according to A.R.S. § 20-462.

WHEREFORE, Kathie prays for entry of judgment against Defendants as follows:

A. For all past benefits due to Kathie under the terms of the Plan;

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

B. For an award of Kathie's attorneys' fees and costs incurred;

C. For an award of prejudgment interest on Kathie's benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 16th day of December 2025.

SCHIFFMAN LAW OFFICE, P.C.

By: ______________________________
Lisa J. Counters