**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Katherine Parks,<br><br>Plaintiff,<br><br>v.<br><br>Lincoln National Life Insurance Company, et al.,<br><br>Defendants. | No. CV-25-04700-PHX-MTL<br><br>**ORDER SETTING RULE 16 SCHEDULING CONFERENCE (ERISA)** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Scheduling Conference is set for **March 24, 2026 at 2:00 p.m.** in Courtroom 504, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151. In preparation for this Scheduling Conference, **it is hereby ordered as follows:**

A. <u>Corporate Disclosure Statement</u>

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure (LRCiv) 7.1.1, any nongovernmental corporate party to an action or proceeding must file a Corporate Disclosure Statement. If not previously filed, the Court directs any nongovernmental corporate party to file its Corporate Disclosure Statement within 10 days of receipt of this Order. Forms are available on the Court's website.

B. <u>Rule 26(f) Meeting and Discovery Plan</u>

The parties are directed to meet and confer at least 21 days before the Scheduling Conference. At this Rule 26(f) meeting, the parties shall develop a Joint Proposed Case Management Report. It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting,

at which Defendant(s) shall promptly and cooperatively participate. The parties must jointly file the Joint Proposed Case Management Report with the Clerk of the Court at least 10 days before the Scheduling Conference. Absent extraordinary circumstances, no extensions of time will be granted.

The Joint Proposed Case Management Report shall contain the following information in separately numbered paragraphs:

1. The counsel or pro se parties who attended the Rule 26(f) meeting and assisted in developing the Joint Proposed Case Management Report;
2. A list of all parties in the case, including any parent corporations or entities;
3. A short statement of the nature of the case (no more than three pages), including a description of each claim, defense, and affirmative defense;
4. A description of the principal factual and legal disputes in the case;
5. The jurisdictional basis for the case, citing specific jurisdictional statutes;[1]
6. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared. Unless counsel can otherwise show cause, a proposed form of order shall accompany the Joint Proposed Case Management Report that dismisses any party which has not been served, including fictitious and unnamed parties;[2]
7. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings;

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their partners, owners, or members is a citizen. *See* 28 U.S.C. §1332(c); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") does not create diversity jurisdiction. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970).

[2] Plaintiff(s) shall also apply under Rule 55 for default against any party who has been timely served and has not timely answered.

8. A discussion of whether Plaintiff(s) is entitled to conduct discovery (including conflict-of-interest discovery) and, if so, the appropriate scope of discovery;

9. Proposed page limits for Plaintiff(s)' opening brief, Defendant(s)' response brief, and Plaintiff(s)' reply brief. (The parties should note that the Court does not permit the filing of a separate statement of facts.);

10. The prospects for settlement and potential methods for conducting settlement, including (a) whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference, and (b) any other request of the Court for assistance in settlement efforts;

11. Whether any aspect of the case is suitable for reference to a special master or to a United States Magistrate Judge;

12. The status of any related cases pending before this or other courts;

13. Proposed deadlines for each of the following events:

    a. If there is a dispute as to the need for and/or scope of discovery, a deadline for Plaintiff(s) to submit a seven-page brief summarizing its position and a deadline for Defendant(s) to submit a seven-page response brief. No replies may be filed;

    b. A deadline for any motion to supplement the administrative record;

    c. A deadline for the completion of fact discovery, if applicable. This deadline should occur at least four months after the deadline for the submission of the parties' briefs concerning the need for and/or scope discovery (see subpart (a) above). Discovery requests must be served and depositions noticed sufficiently in advance of the discovery cutoff date to ensure reasonable completion by the deadline, including time to resolve further discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after

this deadline;

d. A deadline for filing the administrative record;

e. Deadlines for submission of Plaintiff(s)' opening brief, Defendant(s)' response brief, and Plaintiff(s)' reply brief;

f. A date by which the parties will have engaged in face-to-face good faith settlement talks;

14. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

C. <u>Rule 16 Scheduling Conference and Order</u>

The Court directs counsel and any unrepresented parties to review Rule 16 of the Federal Rules of Civil Procedure for the objectives of the Scheduling Conference. Counsel for each party (and any party that is not represented by counsel) shall appear and participate in the Scheduling Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. Appearance shall be in person for all attorneys based in Maricopa County. Any attorneys (including those based outside of Maricopa County) who cannot be present in person must seek leave of the Court to appear telephonically at least three business days before the Scheduling Conference. A continuance of the Scheduling Conference will be granted only for good cause. A continuance of the Scheduling Conference will be granted only for good cause and will not be granted beyond the time limit set forth in Federal Rule of Civil Procedure Rule 16(b).

After the Scheduling Conference, the Court will enter a Scheduling Order. The Court will, absent good cause, enforce the deadlines in the Scheduling Order. The parties should plan their litigation activities accordingly.

**IT IS FURTHER ORDERED** that within 10 days, Plaintiff must serve this Order on any Defendant that has not yet appeared or answered.

**IT IS FINALLY ORDERED** that the Court views the Scheduling Conference as critical to its case management responsibilities and the responsibilities of the parties under

Rule 1 of the Federal Rules of Civil Procedure. **FAILURE TO COMPLY WITH EVERY PROVISION OF THIS ORDER MAY LEAD TO SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16(f)**.

Dated this 27th day of January, 2026.

Michael T. Liburdi
United States District Judge