**Admitted Pro Hac Vice**
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com
***Attorneys for Defendant***

Lisa Counters, 016436
SCHIFFMAN LAW OFFICE, P.C.
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 563-8007
Fax: (602) 266-0141
Lisa@SchiffmanLaw.com
***Attorney for Plaintiff***

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Katherine Parks,

Plaintiff,

vs.

The Lincoln National Life Insurance Company,

Defendant.

Case No. 2:25-cv-04700-PHX-MTL

**JOINT CASE MANAGEMENT REPORT**

Pursuant to the Court's January 27, 2026, Order (Doc. 9), the parties submit this Joint Case Management Report.

**1. The counsel or pro se parties who attended the Rule 26(f) meeting and assisted in developing the Joint Proposed Case Management Report:**

Lisa J. Counters, counsel for Plaintiff, and Iwana Rademaekers, counsel for Defendant, The Lincoln National Life Insurance Company.

**2. A list of the parties in the case, including any parent corporations or entities:**

Katherine Parks, Plaintiff

The Lincoln National Life Insurance Company, Defendant

Lincoln National Corporation, parent corporation of The Lincoln National Life Insurance Company

**3. A short statement of the nature of the case (no more than three pages), including a description of each claim, defense, and affirmative defense:**

**Plaintiff:** Parks worked as a Registered Nurse for Dignity Health ("Dignity"). Dignity provided long-term disability ("LTD") benefits through a policy issued by The Lincoln National Life Insurance Company ("Lincoln"). The policy has a waiting period of 180 days and provides 60% of her Basic Monthly Earnings. Parks became disabled on May 4, 2020 due to respiratory issues following COVID-19 infections, cardiac issues requiring pacemaker implantation, headaches, history of strokes, liver and gastrointestinal issues, pain in her lower back, hips, and wrists, and chronic pain associated with several of her conditions. After 24 months, Lincoln defines disability as the inability to perform the material and substantial duties of "any occupation." The Policy defines "any occupation" as any occupation that she could reasonably be expected to perform satisfactorily given her age, education, training, experience, station in life, and physical and mental capacity.

Lincoln initially determined that Parks could not perform her own occupation or any occupation. Lincoln paid Parks' claim for LTD benefits from October 31, 2020 to May 11, 2023. Lincoln terminated Parks' LTD benefits on May 2, 2023. Parks appealed the denial on February 21, 2024, and Lincoln issued its final denial on October 15, 2024.

Lincoln's denial is arbitrary and capricious. Lincoln conducted paper reviews of Parks' records. Between February 27, 2024 and October 8, 2024, Parks provided numerous pieces of evidence in support of her disability, including responses to Lincoln's paper reviews, medical records, video interviews, and statements from providers and family members. Parks has worked diligently to try new treatments and medications to reduce her

chronic pain and improve her breathing. Parks requires the use of pain medication, portable oxygen, and a cane. Still, Parks' ability to walk, stand, talk, and exert herself is limited.

Lincoln failed to consider the seriousness of Parks' medical conditions, the side effects of the medications necessary for pain management, and her limited ability given her need for a cane and portable oxygen. Lincoln failed to consider the ample evidence and numerous responses provided by Parks, instead relying on paper reviewers whose conclusions are unsubstantiated and reliant on cherry-picking the record. Lincoln precluded Parks from obtaining a full and fair review of her claim.

**Defendant:**

Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decisions reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned or other benefits received by Plaintiff, including benefits from the Social Security Administration.

**4. A description of the principal factual and legal disputes in the case:**

- Is Plaintiff entitled to LTD benefits under the terms of the Plan? 29 U.S.C. § 1132(a)(1)(b).
- What is the appropriate standard of review?
- Is the successful party entitled to its attorneys' fees and costs?
- If Plaintiff is successful, what interest rate, if any, should apply to the past-due benefits?

**5. The jurisdictional basis for the case, citing specific jurisdictional statutes:**

This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1332, 2201-02 (declaratory judgments).

**6. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared:**

All parties have been served. Defendant Dignity Health Long Term Disability Benefit Plan (the "Plan") has been dismissed as a party to this action without prejudice by agreement of the parties.

**7. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings:**

Neither party anticipates adding parties or amending their pleadings.

**8. A discussion of whether Plaintiff is entitled to conduct discovery (including conflict-of-interest discovery) and, if so, the appropriate scope of discovery:**

Plaintiff's Position: Discovery is permitted in ERISA § 1132(a)(1)(b). Plaintiff is entitled to conduct conflict of interest discovery. She is entitled to seek discovery to determine if the inherent conflict of interest influenced Defendant's decision to terminate her disability claim. *See Metro Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008); *see also Demer v. IBM Corp. LTD Plan*, 835 F.3d 893 at 902 (9th Cir. 2016); *Abatie v. Alta Health & Life Ins. Co*., 458 F.3d 955 (9th Cir. 2006). The Court may consider extrinsic evidence regarding conflict of interest generated in discovery. Plaintiff does not anticipate any changes to written discovery limitations. Plaintiff anticipates taking three depositions and propounding requests for production and interrogatories.

Defendant's Position:

ERISA cases do not follow the ordinary course of discovery. The merits of an ERISA case are decided by the trial judge after the parties file Briefs on the administrative record. See Bendixen v. Standard Ins. Co., 185 F.3d 939, 943 (9th Cir. 1999) (motion practice is the "conduit to bring the legal question before the district court"). Defendant has served the bates-labeled administrative record on

Plaintiff. Plaintiff may seek additional, limited discovery related to conflict, as the case is to be considered under the abuse of discretion standard.

**9. Proposed page limits for Plaintiff(s)' opening brief, Defendant(s)' response brief, and Plaintiff(s)' reply brief:**

a. Opening Brief: 25 pages
b. Response Brief: 25 pages
c. Reply Brief: 15 pages

**10. The prospects for settlement and potential methods for conducting settlement, including (a) whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference, and (b) any other request of the Court for assistance in settlement efforts:**

The parties intend to engage in settlement discussions and believe there is a possibility the case may settle. The parties do not request referral to a Magistrate Judge for a settlement conference at this time.

**11. Whether any aspect of the case is suitable for reference to a special master or to a United States Magistrate Judge:**

No.

**12. The status of any related cases pending before this or other courts:**

N/A.

**13. Proposed deadlines for each of the following events:**

a. If there is a dispute as to the need for and/or scope of discovery, Plaintiff shall submit a seven-page brief summarizing her position by **May 29, 2026;** and Defendant shall submit a seven-page response brief by **June 12, 2026.** No replies may be filed.

b. A deadline for any motion to supplement the administrative record: **June 19, 2026.**

c. A deadline for the completion of fact discovery, if applicable: **February 10, 2027.** Discovery requests must be served and depositions noticed sufficiently in advance of the discovery cutoff date to ensure reasonable completion by the deadline, including time to resolve further discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

d. A deadline for filing the administrative record: **March 5, 2027**.

e. Deadlines for submission of Plaintiff's opening brief, Defendant's response brief, and Plaintiff's reply brief:

| | |
|---|---|
| **Plaintiff's Opening Brief:** | **April 9, 2027** |
| **Defendants' Response Brief:** | **May 14, 2027** |
| **Plaintiff's Reply Brief:** | **June 18, 2027** |

f. A date by which the parties shall have engaged in face-to-face good faith settlement talks: **October 22, 2026.**

**14. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1:**

None.

RESPECTFULLY SUBMITTED this 16th day of March 2026.

BY: */s/ Lisa J. Counters*
Lisa J. Counters
Attorney for Plaintiff

BY: */s/Iwana Rademaekers*
Iwana Rademaekers
Attorney for Defendant