**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Katherine Parks,<br><br>Plaintiff,<br><br>v.<br><br>Lincoln National Life Insurance Company, et al.,<br><br>Defendants. | No. CV-25-04700-PHX-MTL<br><br>**SCHEDULING ORDER** |

Pursuant to the Report of the Rule 26(f) Planning Meeting (Doc. 11),

**IT IS ORDERED** that the Court enters the following Scheduling Order to govern the litigation in this ERISA action:

1. Initial Motions. If there is a dispute as to (1) the applicable standard of review, or (2) the need for and/or scope of discovery, Plaintiff must submit a seven-page brief summarizing her position by **May 29, 2026**. Defendant must submit a seven-page response brief by **June 12, 2026**. No reply may be filed. The briefs must identify—with specificity—any interrogatories, document requests, requests for admission, and/or depositions that a party would like to pursue, and must set forth any legal authority supporting that party's position.

2. No Experts. No expert reports may be filed.

3. Fact Discovery. If fact discovery is authorized by the Court or conducted via the joint agreement of the parties, the deadline for completion shall be **February 10, 2027**. To ensure compliance with this deadline, the following rules shall apply:

a. Depositions: All depositions shall be scheduled to start at least five business days before the discovery deadline.

b. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the fact discovery deadline.

c. Notwithstanding Local Rule of Civil Procedure 7.3, the parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the deadlines set forth in this Order.

d. Notwithstanding any provisions of the Federal Rules of Civil Procedure, non-party witnesses shall not be permitted to attend (either physically, electronically, or otherwise) the deposition of any other witness in this case without an order of this Court.

6. Discovery Disputes.

a. Except as otherwise specified in this Paragraph 7, motions to compel discovery shall be governed by Rule 37 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 37.1. If relevant, in the course of written discovery, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a joint motion containing a written summary of the dispute, not to exceed three pages, with explanation of the position taken by each party, and (2) a joint written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j). If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the written submission, the Court

may set a telephonic conference or in-person proceeding, order supplemental briefing, or decide the dispute by relying on the joint motion.

b. If a discovery dispute arises during a deposition and requires an immediate ruling of the Court, the parties shall jointly telephone the Court to request a telephone conference regarding the dispute.

c. Absent extraordinary circumstances, the Court will not entertain discovery disputes after the deadline for completion of discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

d. The parties are strongly encouraged to resolve discovery disputes mutually and without expending judicial resources. To that end, and under the appropriate circumstances, the Court will give serious consideration to the payment of expenses as provided for in Rule 37(a)(5) of the Federal Rules of Civil Procedure.

7. Filing the Administrative Record. The deadline for filing the administrative record shall be **March 5, 2027**.

8. Opening Brief, Response Brief, and Reply Brief.[1]

a. Plaintiff's opening brief shall be filed no later than **April 9, 2027**. Defendant's response brief shall be filed no later than **May 14, 2027**. Plaintiff's reply shall be filed no later than **June 18, 2027**.

b. When filing the opening brief in ECF, Plaintiff must file it as a motion.

c. Plaintiff's opening brief and Defendant's response brief shall be no longer than 25 pages, and Plaintiff's reply shall be no longer than 15 pages.

d. The parties may not file separate statements of facts or separate controverting statements of facts, and instead must include all facts in the opening brief, response, or reply itself, supported by citations to the administrative record.

e. A party desiring oral argument shall place the words "Oral Argument

[1] These briefs are intended to address the merits of the case, procedural issues, and any other dispositive issues.

Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). Where oral argument does not aid the Court's decision, the Court may decline the request and decide the motion without holding oral argument. If the request is granted, the Court will issue a minute entry informing the parties of the argument date and time. The minute entry may specify issues that the Court deems worthy of attention.

9. Motions for Attorneys' Fees. All motions for an award of attorneys' fees shall be accompanied by an electronic Microsoft Excel spreadsheet, to be emailed to the Court and opposing counsel, containing an itemized statement of legal services with all information required by Local Rule 54.2(e)(1). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its motion. A party opposing a motion for attorneys' fees shall email to the Court and opposing counsel a copy of the moving party's spreadsheet, adding any objections to each contested billing entry (next to each row, in an additional column) to enable the Court to efficiently review the objections. This spreadsheet does not relieve the non-moving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

10. Good Faith Settlement Talks. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **October 22,2 206**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in further settlement efforts. The Court will set a settlement conference before a Magistrate

Judge upon request of all parties. The parties shall promptly notify the Court if settlement is reached.

11. The Deadlines Are Real. The Court will, absent a showing of good cause, enforce the deadlines set forth in this Order, and the parties should plan their litigation activities accordingly. Failure to meet any of the deadlines in this Order or in the Federal or Local Rules of Civil Procedure without substantial justification may result in sanctions, including dismissal of the action or entry of default.

12. Briefing Requirements.

a. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring text no smaller than 13 point font in text and footnotes for proportional font sizes, and no smaller than 10 pitch in text and footnotes for fixed-pitch type sizes.

b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

c. A party moving for an extension of time, enlargement of page limitations, leave to amend, or leave to file a document under seal shall indicate in the motion whether the non-movant opposes the request and intends to file a written response. If the non-movant has refused to provide a position on the request, the moving party shall describe the efforts made to consult.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

13. Requirement for Paper Courtesy Copies. A paper courtesy copy of dispositive motions and any responses or replies thereto shall be either postmarked and mailed to the judge or hand-delivered *to the judge's mailbox* located in the Clerk's office by the next business day after the electronic filing. Please do not attempt to deliver documents to the Judge's chambers. A copy of the face page of the Notice of Electronic Filing shall be appended to the last page of the courtesy copy. Courtesy copies of documents too large for stapling must be bound with a metal prong fastener at the top center of the document or submitted in three-ring binders.

Dated this 24th day of March, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge